1  ELIZABETH A. STRANGE
   First Assistant United States Attorney
2  District of Arizona
   JAMES R. KNAPP
3  Assistant U.S. Attorney
   Arizona State Bar No. 021166
4  ANDREW C. STONE
   Assistant United States Attorney
5  Arizona State Bar No. 026543
   Two Renaissance Square
6  40 N. Central Ave., Suite 1800
   Phoenix, Arizona 85004
7  Telephone: 602-514-7500
   Email: james.knapp2@usdoj.gov
8      andrew.stone@usdoj.gov
   Attorneys for Plaintiff
9

FILED ___ LODGED
___ RECEIVED ___ COPY
DEC 1 2 2018
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY M nashu /DEPUTY

___ FILED ✓ ___ LODGED ___ COPY
___ RECEIVED
MAR 0 6 2020
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY pw /DEPUTY

10              IN THE UNITED STATES DISTRICT COURT

11                 FOR THE DISTRICT OF ARIZONA

12  United States of America,                No. CR181626-PHX-JJT

13                   Plaintiff,

14      vs.                                  **PLEA AGREEMENT**

15  Pierre Zarokian,

16                   Defendant.

17

18      Plaintiff, United States of America, and the defendant, PIERRE ZAROKIAN,

19  hereby agree to dispose of this matter on the following terms and conditions:

20  **1.    PLEA**

21      The defendant will plead guilty to the Information charging the defendant with a

22  violation of 18 United States Code (U.S.C.) § 371, Conspiracy, a Class D felony offense.

23  **2.    MAXIMUM PENALTIES**

24      a.    A violation of 18 U.S.C. § 371 is punishable by a maximum fine of $250,000,

25  a maximum term of imprisonment of five years, or both, and a term of supervised release

26  of three years.  A maximum term of probation is five years.

27      b.    According to the Sentencing Guidelines issued pursuant to the Sentencing

28  Reform Act of 1984, the Court shall order the defendant to:

ULF 12



(1)     make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)     pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.     The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

## 3.     AGREEMENTS REGARDING SENTENCING

a.     Recommendation: Acceptance of Responsibility.  Pursuant to Fed. R. Crim. P. 11(c)(1)(B), if the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a).  If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

b.     Non-Binding Recommendations.     The defendant understands that recommendations are not binding on the Court.  The defendant further understands that the

1    defendant will not be permitted to withdraw the guilty plea if the Court does not follow a

2    recommendation.

3         c.    <u>Stipulation: Restitution</u>.  Pursuant to 18 U.S.C. § 3663 and/or 3663A, the

4    defendant specifically agrees to pay full restitution, regardless of the resulting loss amount

5    but in no event more than $200,000, to all victims directly or proximately harmed by the

6    defendant's "relevant conduct," including conduct pertaining to any dismissed counts or

7    uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct

8    constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A.   The defendant

9    understands that such restitution will be included in the Court's Order of Judgment and that

10   an unanticipated restitution amount will not serve as grounds to withdraw the defendant's

11   guilty plea or to withdraw from this plea agreement.

12        d.    <u>Assets and Financial Responsibility</u>.   The defendant shall make a full

13   accounting of all assets in which the defendant has any legal or equitable interest.  The

14   defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or

15   transfer any such assets or property before sentencing, without the prior approval of the

16   United States (provided, however, that no prior approval will be required for routine, day-

17   to-day expenditures).  The defendant also expressly authorizes the United States Attorney's

18   Office to immediately obtain a credit report as to the defendant in order to evaluate the

19   defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant

20   also shall make full disclosure of all current and projected assets to the U.S. Probation

21   Office immediately and prior to the termination of the defendant's supervised release or

22   probation, such disclosures to be shared with the U.S. Attorney's Office, including the

23   Financial Litigation Unit, for any purpose.  Finally, the defendant shall participate in the

24   Inmate Financial Responsibility Program to fulfill all financial obligations due and owing

25   under this agreement and the law.

26   **4.**    **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

27        a.    If the Court, after reviewing this plea agreement, concludes that any

28   provision contained herein is inappropriate, it may reject the plea agreement and give the

1  defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

2  11(c)(5).

3        b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,

4  vacated, or reversed at any time, this agreement shall be null and void, the United States

5  shall be free to prosecute the defendant for all crimes of which it then has knowledge and

6  any charges that have been dismissed because of this plea agreement shall automatically

7  be reinstated.  In such event, the defendant waives any and all objections, motions, and

8  defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

9  restrictions in bringing later charges or proceedings.  The defendant understands that any

10  statements made at the time of the defendant's change of plea or sentencing may be used

11  against the defendant in any subsequent hearing, trial, or proceeding subject to the

12  limitations of Fed. R. Evid. 410.

13  **5.**      <u>**WAIVER OF DEFENSES AND APPEAL RIGHTS**</u>

14        The defendant waives (1) any and all motions, defenses, probable cause

15  determinations, and objections that the defendant could assert to the indictment or

16  information; and (2) any right to file an appeal, any collateral attack, and any other writ or

17  motion that challenges the conviction, an order of restitution or forfeiture, the entry of

18  judgment against the defendant, or any aspect of the defendant's sentence, including the

19  manner in which the sentence is determined, including but not limited to any appeals under

20  18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

21  (habeas petitions), and any right to file a motion for modification of sentence, including

22  under 18 U.S.C. § 3582(c).  This waiver shall result in the dismissal of any appeal,

23  collateral attack, or other motion the defendant might file challenging the conviction, order

24  of restitution or forfeiture, or sentence in this case.  This waiver shall not be construed to

25  bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial

26  misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

27

28

6. **DISCLOSURE OF INFORMATION**

    a.      The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

    b.      Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

    c.      The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

        (1)      criminal convictions, history of drug abuse, and mental illness; and

        (2)      financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

7. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

    Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. **ELEMENTS**

<strong>Conspiracy</strong>

    From on or about October 2016 through May 2017, in the District of Arizona:

- 5 -

1.      There was an agreement between two or more persons to intentionally cause damage to a protected computer;

2.      The defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and

3.      One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

### Intentional Damage to Protected Computer

1.      A defendant knowingly caused the transmission of a program, a code, a command, or information to a computer;

2.      As a result of the transmission, a defendant intentionally impaired without authorization the integrity or availability of data or information; and

3.      The computer was used in or affected interstate or foreign commerce or communication.

9.      **FACTUAL BASIS**

a.      The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

I, Pierre Zarokian, worked with Joshua Polloso Epifaniou during October 2016 through May 2017 to obtain unauthorized access to Ripoff Report (ROR)'s database and delete information. ROR is a company based in Phoenix, Arizona, that hosts a website where customers can post anonymous complaints about people and businesses. I operated a search engine marketing company in California that offered "reputation management services," including the removal of negative customer complaints from ROR. In October 2016 Epifaniou—a computer hacker living in Cyprus—gained unauthorized access to ROR computer servers in Phoenix, Arizona, and then contacted me. In furtherance of the conspiracy, and to achieve the object of the conspiracy, Epifaniou and I committed an overt act—namely that I paid him $1000 per complaint removal and then charged my clients a fee for removal between $1000 to $5000. I knew that Epifaniou was deleting the records through unauthorized access to the ROR computer servers, and I acknowledge that the ROR computer servers were used in and affected interstate commerce.

b.      The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any

1   intentional material inconsistencies in the defendant's testimony may subject the defendant

2   to additional penalties for perjury or false swearing, which may be enforced by the United

3   States under this agreement.

4              **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

5              I have read the entire plea agreement with the assistance of my attorney.    I

6   understand each of its provisions and I voluntarily agree to it.

7              I have discussed the case and my constitutional and other rights with my attorney.

8   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

9   to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

10  present evidence in my defense, to remain silent and refuse to be a witness against myself

11  by asserting my privilege against self-incrimination, all with the assistance of counsel, and

12  to be presumed innocent until proven guilty beyond a reasonable doubt.

13             I agree to enter my guilty plea as indicated above on the terms and conditions set

14  forth in this agreement.

15             I have been advised by my attorney of the nature of the charges to which I am

16  entering my guilty plea.  I have further been advised by my attorney of the nature and range

17  of the possible sentence and that my ultimate sentence shall be determined by the Court

18  after consideration of the advisory Sentencing Guidelines.

19             My guilty plea is not the result of force, threats, assurances, or promises, other than

20  the promises contained in this agreement.  I voluntarily agree to the provisions of this

21  agreement and I agree to be bound according to its provisions.

22             I understand that if I am granted probation or placed on supervised release by the

23  Court, the terms and conditions of such probation/supervised release are subject to

24  modification at any time.  I further understand that if I violate any of the conditions of my

25  probation/supervised release, my probation/supervised release may be revoked and upon

26  such revocation, notwithstanding any other provision of this agreement, I may be required

27  to serve a term of imprisonment or my sentence otherwise may be altered.

28

1       This written plea agreement, and any written addenda filed as attachments to this

2   plea agreement, contain all the terms and conditions of the plea.   Any additional

3   agreements, if any such agreements exist, shall be recorded in a separate document and

4   may be filed with the Court under seal; accordingly, additional agreements, if any, may not

5   be in the public record.

6       I further agree that promises, including any predictions as to the Sentencing

7   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

8   (including my attorney) that are not contained within this written plea agreement, are null

9   and void and have no force and effect.

10       I am satisfied that my defense attorney has represented me in a competent manner.

11       I fully understand the terms and conditions of this plea agreement.   I am not now

12   using or under the influence of any drug, medication, liquor, or other intoxicant or

13   depressant that would impair my ability to fully understand the terms and conditions of this

14   plea agreement.

15

16   _12/12/18_____         _____
   Date                                          PIERRE ZAROKIAN

17                                             Defendant

18                       **APPROVAL OF DEFENSE COUNSEL**

19       I have discussed this case and the plea agreement with my client in detail and have

20   advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

21   constitutional and other rights of an accused, the factual basis for and the nature of the

22   offense to which the guilty plea will be entered, possible defenses, and the consequences

23   of the guilty plea including the maximum statutory sentence possible.   I have further

24   discussed the concept of the advisory Sentencing Guidelines with the defendant.   No

25   assurances, promises, or representations have been given to me or to the defendant by the

26   United States or any of its representatives that are not contained in this written agreement.

27   I concur in the entry of the plea as indicated above and that the terms and conditions set

28   forth in this agreement are in the best interests of my client.   I agree to make a bona fide

- 8 -

1  effort to ensure that the guilty plea is entered in accordance with all the requirements of

2  Fed. R. Crim. P. 11.

3

4  12/12/18                                    ELON BERK

   Date                                       Attorney for Defendant

5

6                    **APPROVAL OF THE UNITED STATES**

7        I have reviewed this matter and the plea agreement.  I agree on behalf of the United

8  States that the terms and conditions set forth herein are appropriate and are in the best

9  interests of justice.

10

11                                           ELIZABETH A. STRANGE
                                             First Assistant United States Attorney
12                                           District of Arizona

13  12/12/2013

   Date

14                                           JAMES R. KNAPP
                                             ANDREW C. STONE
15                                           Assistant U.S. Attorneys

16                    **ACCEPTANCE BY THE COURT**

17

18  March 6, 2020

   Date

19                                           United States District Judge  Michael T. Liburdi

20

21

22

23

24

25

26

27

28

-9-