MICHAEL BAILEY
United States Attorney
District of Arizona
JAMES R. KNAPP
Arizona State Bar No. 021166
Email: james.knapp2@usdoj.gov
ANDREW C. STONE
Arizona State Bar No. 026543
Email: andrew.stone@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-1626-PHX-MTL |
| Plaintiff, | **GOVERNMENT'S RESTITUTION MEMORANDUM** |
| vs. | |
| Pierre Zarokian, | |
| Defendant. | |

The United States submits this Memorandum in support of Ripoff Report's request for $87,367.25 in victim restitution.

**I.     Facts and Procedural History**

Defendant Pierre Zarokian pleaded guilty in December 2018 to conspiracy to damage a protected computer in violation of 18 U.S.C. § 371. Zarokian operated an internet marketing company, Submit Express, offering reputation management services, search engine optimization, and other online marketing services for businesses. (PSR 10 ¶ 51.) Zarokian admits he worked with a Cyprus-based hacker, Joshua Epifaniou, to profit from unauthorized access to a consumer complaint website, Ripoff Report (ROR). (ECF No. 12 (Plea Agreement) at 6.) Zarokian would contract with small businesses looking to remove negative reviews from ROR, promising to remove the negative reviews through court orders or other legal process. (PSR 5 ¶¶ 6-7.) Epifaniou would then hack into the ROR

servers and delete the negative reviews. Zarokian and Epifaniou removed more than 100 complaints this way, charging each "client" between $1000 and $5000 per complaint and splitting the profits. (PSR 5 ¶ 10.)

On March 6, 2020, the Court accepted Zarokian's guilty plea and imposed sentence, concluding that the loss to ROR was between $40,000 and $95,000. (ECF No. 40; PSR 7 ¶ 18.) In his plea agreement, Zarokian agreed "to pay full restitution, regardless of the resulting loss amount but in no event more than $200,000, to all victims directly or proximately harmed" by his conduct. (ECF No. 12 (Plea Agreement) at 3.) Zarokian requested additional time to look over the restitution claim, however, so the Court postponed the restitution determination per 18 U.S.C. § 3664(d)(5). The restitution hearing is currently set for May 28, 2020.

On May 1, 2020, undersigned counsel provided Zarokian the declaration and attachments marked as Exhibit 1 to support ROR's $87,367.25 restitution request. (*See* Exhibit 1, attached). Undersigned counsel asked counsel to advise by May 11 whether Zarokian had any objection to the restitution request. Undersigned counsel inquired again on May 11 but has received no response.

**II.     Law and Argument**

Under 18 U.S.C. § 3663A(b)(1), the Court "shall order" a defendant convicted of a property crime—such as a conspiracy to damage a protected computer—to pay restitution to the victim for the damage or loss. *See* 18 U.S.C. § 3663A(a)(1), (b)(1), (c)(1)(A)(ii). "Where property is personal or unique, or neither fungible nor easily sold on a viable market, district courts should be permitted the discretion to make victims whole by determining an appropriate measure of value under the circumstances of the case before them." *See United States v. Kaplan*, 839 F.3d 795, 800-03 (9th Cir. 2016) (affirming district court's restitution order for replacement value, rather than merely fair market value, of destroyed household goods).

In *United States v. Gammell*, 932 F.3d 1175 (8th Cir. 2019), the Eighth Circuit

affirmed a $955,656.77 restitution order under § 3663A(b)(1) based on circumstances similar to this case. Gammell pled guilty to conspiracy to damage a protected computer after "engag[ing] in a campaign of malicious computer attacks" against "companies that did not hire him, companies that he perceived as competitors to his business, law enforcement agencies, and court systems." *Id.* at 1177-78. "Each of his victims experienced difficulty in restoring the reliability, functionality, and access[i]bility of the affected websites, and expended significant efforts and resources in identifying the source of the attacks and in taking suitable mitigation and infrastructure improvement measures." *Id.* at 1178. At sentencing, the victims submitted signed declarations describing their efforts to "mitigate or remediate the damage" and attached invoices, timesheets, and other documents. *Id.* at 1181-82. The Eighth Circuit agreed with the district court's analysis that "the so-called investigative costs were 'a prerequisite to repairing or replacing the damaged property[,]' and thus were tied to compensation for property damage."[1]

Here, as in *Gammell*, the victim restitution request for costs associated with mitigating and remediating the damage is supported by a declaration along with a table of expenses backed up by copies of individual invoices. In light of Zarokian's specific agreement to pay up to $200,000 in restitution, and absent an objection by Zarokian, the United States asks the Court to vacate the May 28, 2020, restitution hearing and order Zarokian to pay restitution to victim Xcentric Ventures, LLC in the amount of $87,367.25.

//

//

---

[1] Costs to investigate and repair the damage are appropriate under § 3663A(b)(1), whereas they may not qualify as "other expenses incurred during participation in the investigation or prosecution" under § 3663A(b)(4). *See Lagos v. United States*, 138 S. Ct. 1684, 1688 (2018) (holding that "other expenses" under § 3663A(b)(4) doesn't include roughly $5 million in costs the victim incurred during a private investigation and bankruptcy litigation relating to the fraud but preceding the criminal investigation); *United States v. Koutsostamatis*, 956 F.3d 301, 306-10 (5th Cir. 2020) (holding that "other expenses" under § 3663A(b)(4) doesn't cover victim's payments of $552,651 to digital security team and outside contractors to assist FBI investigation).

Respectfully submitted this 18th day of May 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ James R. Knapp*

JAMES R. KNAPP
ANDREW C. STONE
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on 5/18/2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant: Elon Berk, Jody Corbett

*s/ James Knapp*
U.S. Attorney's Office