MICHAEL BAILEY
United States Attorney
District of Arizona
JENNIFER LEVINSON
Assistant U.S. Attorney
Arizona State Bar No. 020551
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Jennifer.levinson@usdoj.gov
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Pierre Zarokian,<br><br>Defendant. | CR 18-1626-001-PHX-MTL<br><br>***EX PARTE* EMERGENCY MOTION TO RESTRAIN ASSETS**<br>**(Expedited Ruling Requested)** |

The United States of America hereby moves this Court pursuant to the All Writs Act, 28 U.S.C. § 1651, for an order restraining Defendant, Pierre Zarokian, his agents, and/or anyone acting on his behalf from spending, disbursing, investing, dissipating, transferring, pledging, disposing, concealing, or otherwise rendering unavailable for restitution a sum equal to $87,367.25 obtained through the sale of his residence.

## **FACTS**

On December 12, 2018, the Defendant entered a guilty plea to one count of Conspiracy in violation of 18 U.S.C. § 371. (Doc. 13.) Per the plea agreement, Defendant agreed to pay "full restitution, regardless of the resulting loss amount, but in no event more than $200,000, to all victims directly or proximately harmed by the defendant's 'relevant conduct'…." (Doc. 41 at ¶ 3.c.) He further agreed that he would not "sell, hide, waste, spend, or transfer any [] assets or property before sentencing, without the prior approval of the United States…." (*Id*. at ¶ 3.d.)

On March 9, 2020, the Court sentenced the Defendant to sixty months of probation with restitution to be determined at a restitution hearing currently set for May 28, 2020. (Doc. 42.) The Government is asking that the court order the defendant to pay restitution in the amount of $87,367.25. (Doc. 46.)

On May 21, 2020, the Government received information from the defendant's probation officer that the defendant is in the process of selling his home located on Ashington Drive in Glendale, California, which has been in escrow since May 14, 2020, and expects to receive approximately $300,000 in proceeds from the sale. The defendant indicated to the probation officer that he has no plans to use the proceeds to pay his restitution. As a result, the Government is concerned that the defendant will dissipate these assets which would be detrimental to the Government's efforts to collect restitution. This is especially true in light of the defendant's apparent negative net worth as presented to the Presentence Report writer.[1]

**ARGUMENT**

The All Writs Act, 28 U.S.C. § 1651(a), authorizes Federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." As the Supreme Court has stated, "[t]his statute has served … as a legislatively approved source of procedural instruments designed to achieve the rational ends of law," and is to be used, "as may be necessary or appropriate to effectuate and prevent the frustration of orders [a court] has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) (citations and internal quotations omitted).

The Government generally enforces orders of restitution as well as other debts owed to the United States through the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001 *et seq.* The FDCPA authorizes the Court to utilize the All Writs Act, 28 U.S.C. §1651, to support any of the remedies set forth therein. 28 U.S.C.

---

[1] Based on the information provided at sentencing, this Court waived imposition of a fine due to its finding that the defendant did not have the ability to pay. The Court also ordered that the defendant's special assessment be paid in $25 monthly installments.

§ 3202(a). In addition, numerous courts have upheld the use of the All Writs Act to restrain a defendant from dissipating assets post-conviction, but before a restitution order has issued. *See, e.g.*, *United States v. Numisgroup Intern. Corp.*, 169 F. Supp. 2d 133, 138 (E.D.N.Y. 2001) (post-conviction, a defendant is "no longer [ ] bathed with the presumption of innocence," and the court has the power to restrain assets before sentencing so that assets are available to comply with the upcoming restitution order); *United States v. Ageloff,* 698 F.3d *64,* 68 (2d Cir. 2012) (holding "that the district court properly exercised its authority under the All Writs Act to restrain [the defendant's] assets in anticipation of resentencing"); *United States v. Yielding,* 657 F.3d 722, 727 (8th Cir. 2011) ("[A] sentencing court has jurisdiction to enforce its restitution order and may use the All Writs Act, when necessary and appropriate, to prevent the restitution debtor from frustrating collection of the restitution debt"); *United States v. Sullivan*, 2010 WL 5437243 (E.D.N.C. 2010).

In *United States v. Gates*, 777 F.Supp. 1294 (E.D. Va. 1991), the district court issued an order prohibiting the convicted defendant from disposing of assets prior to sentencing. The district court concluded that, because restitution was certain, "the court was merely assuring that assets available at the time of conviction would remain so until sentencing, so that the court could properly assess costs and fines under the sentencing guidelines and applicable statutes." *Id.* at 1295. The court aptly stated:

> If a trial court does not have authority to order a defendant, post conviction but prior to sentencing, not to dispose of his assets, then the court is without any meaningful ability to impose a proper sentence under the guidelines and to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs of prosecution, incarceration, and supervised release or probation. In effect, the court's inability to prevent a convicted defendant from disposing of his assets prior to sentencing would create a situation in which it would only make sense for, and legal counsel would so advise, any defendant with assets to "dispose of" or transfer them for "safekeeping."

Id. at 1296, n.7.

The federal courts' authority under the All Writs Act also includes the power to enjoin non-parties who are in privity with, represented by or subject to the control of a party. *Yielding*, 657 F.3d at 728; *New York Telephone Company,* 434 U.S. at 174 (authority under All Writs Act extends to non-parties who "are in a position to frustrate the implementation of a court order or the proper administration of justice").

Here, a restitution judgment is imminent as the defendant is set for a restitution hearing in less than one week. Once restitution is ordered, the government will have a lien against the defendant's property pursuant to 18 U.S.C. § 3613(c) and it may enforce restitution against the defendants property pursuant to 18 U.S.C. § 3613(a) and the FDCPA. However, there is no immediate remedy and nothing to presently prevent the defendant from dissipating or placing his assets beyond the reach of the victim or the government other than the requested restraining order. In addition, it appears that the defendant has insufficient assets to satisfy any restitution order in the absence of the funds sought to be restrained. The timing of the sale and the fact that the defendant has indicated an unwillingness to use the proceeds to pay his anticipated restitution judgment also raise serious concerns. Thus, the only way to reasonably ensure the effectiveness of the Court's anticipated restitution order, and payment in the shortest time possible as required by 18 U.S.C. § 3572(d)(1)-(3), is through the issuance of the requested restraining order. As a result, the Government respectfully requests that this Court enter an order requiring the defendant to instruct the escrow company, or the escrow company itself, once it is identified, to deposit a portion of the proceeds of the sale of the defendant's property equal to $87,367.25 with the Clerk of the Court pending the outcome of the restitution

/ / /

/ / /

hearing.

Respectfully submitted this 22nd of May, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Jennifer Levinson*
JENNIFER LEVINSON
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:  Elon Berk, Jody Corbett.

*s/Jennifer Levinson*
U.S. Attorney's Office