Elon Berk, Esq. [SBN 209642]
**GUROVICH, BERK & ASSOCIATES, APC**
15250 Ventura Blvd., Suite 1220
Sherman Oaks, California 91403
Tel: (818) 205-1555
Fax: (818) 205-1559
Admitted Pro Hac Vice

Jody C. Corbett (#019718)
**BERKE LAW FIRM, PLLC**
1601 N. 7th Street, Suite 360
Phoenix, AZ 85006
Phone: (602) 254-8800
Fax: (602) 254-8808
jody@berkelawfirm.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| USA, <br><br> Plaintiff, <br><br> vs. <br><br> Pierre Zarokian, <br><br> Defendant. | Case No. 2:18-cr-01626-MTL <br><br> **DEFENDANT'S MEMORANDUM REGARDING RESTITUTION** |

Defendant Pierre Zarokian ("Mr. Zarokian"), through undersigned counsel, hereby files this memorandum in anticipation of his Restitution hearing. Defendant pleaded guilty to one count of Conspiracy in violation of 18 U.S.C. § 371 pursuant to a Plea Agreement

1

wherein he stipulated to pay restitution in an amount not greater than $200,000. Defendant hereby files the following Memorandum setting forth all factors that the Court should consider in determining the appropriate restitution given all the relevant evidence presented by the Parties.

## FACTUAL BACKGROUND

The background is well summarized in the Government's Memorandum. It is important to note that the factual basis for Mr. Zarokian's change of plea was that he conspired with the Co-Defendant to make changes on certain profiles on the Ripoff Report Website (ROR). In fact, his co-defendant breached the ROR website and contacted Mr. Zarokian to see if he would have any client interested in removal of negative content from ROR. At some later point in time, co-defendant Epifaniou, **on his own**, decided to extort ROR for his own benefit. This was done in furtherance of co-defendant's own interests and was not part of the conspiracy that was initiated at an earlier point in time. The act of extortion was not a reasonably foreseeable act in furtherance of the conspiracy admitted to herein.

That "hack" in this case was a brute force attack (this is where the hacker attempts to gain entry by experimenting with different combinations of usernames and passwords). Usually, such attacks do not create any damage to the software not hardware. In the Declaration submitted on behalf of the victim, there is a reference to work on some Ancillary sites such as edmagdeson.com. These are unrelated to the site that was hacked (ripoffreport.com). (See Declaration of Justin Crossman (Doc. 35-1). Also, throughout the

invoices presented, work for hardware and software improvements is attributed to the hack as opposed to simply restoring the site to its condition prior to the hack.  Moreover, several invoices are dated months after the hacker was arrested and in jail.  Mr. Epifaniou was arrested in May 2017 and ROR presents invoices from Jan 2018.  It does not make sense that remediation work was still being done at that time as remediation.  The aforementioned is supported by the fact that all the negative content that was removed by the hacker was restored relatively quickly and there is no logical reason why remediation work is still ongoing well into 2018.

## ANALYSIS

It is well settled that unlike loss calculation for purposes of sentencing, calculating the restitution should be limited in scope to make the victim whole.  United States v. Lacey, 699 F.3d 710, 721 (2nd Cir. 2012).  ("We note that unlike the loss calculation for the purposes of sentencing, which may incorporate a merely intended loss in order to punish a culpable defendant, restitution is designed to make the victim whole, and must therefore be based only on the actual loss caused by the scheme.")  Furthermore, the court resolves contested restitution issues by a preponderance of the evidence.  18 U.S.C. § 3664(e); United States v. Naphaeng, 906 F.3d 173, (1st Cir. 2018); United States v. Sexton, 894 F.3d 787, 799 (6th Cir. 2018); United States v. Cornelsen, 893 F.3d 1086, 1090 (8th Cir. 2018); United States v. Ritchie, 858 F.3d 201, 211 (4th Cir. 2017).  The Government cites U.S. v. Gammell, 932 F.3d 1175 (8th Cir. 2019), in support of its position that the restitution should be ordered for the entire sum requested by the Victim.  In support of its position, the Victim

provided certain records such as a declaration and invoices from various entities.

In reviewing the Victim's records presented herein, a significant portion of the requested restitution is not related to Mr. Zarokian's acts (or the conspiracy in which he admitted to be a member) rather upgrades to the Victim's computer system that are not necessarily restorative but an upgrade to bring up the system up to new standards.

A fair analogy would be one when a Defendant caused damage to a computer system running on an old computer with old software that made it vulnerable to a hack and now wants the victim to pay for an upgrade to the software and hardware so that the computer system is in line with the latest technology.  Defendant submits that the Court should only order restitution in the amount of what it cost to investigate and identify the breach and repair any damaged caused by such breach.  Simply because the Victim decided that it would like to get the latest and greatest software/hardware for its systems will create windfall which is not the purpose of restitution.

### Unrelated Extortion Scheme

It is important to note that Co-Defendant's extortion scheme is separate and apart from the hacking conspiracy. As part of the extortion, Epifaniou asked for a transfer of $1,000.  This $1,000 is reflected in the Victim's restitution request and must be omitted. Moreover, the Victim provided invoices from two law firms.  The invoice from the Gingras Law Office is for $3,750.  However, the invoice breakdown in largely redacted and what is not redacted indicates billing for conferences re: stuff.  (Doc. 35-1, pages 109-110). Without a declaration as to what was the nature of the "stuff" discussed, this invoice clearly

doesn't meet the Government's burden herein. The second invoice for legal services is from the Jaburg Wilk law firm. The billing statement indicates that these were related to the "hack." However, in reviewing the details of the billing, it seems that these are related to the extortion rather then the intrusion the Defendant admitted to herein. (Doc. 35-1, page 112) (as an example: "call from hacker"). Thus, such invoices should be excluded from the restitution calculation.

In addition to the attorney fees related to the extortion by Epifaniou, the firm Delirious Visions was working on the hack and extortion as well. Its invoices for research, identification of the hack, and extortion work are all intertwined together leaving the Court without any clarity as to the actual work done as to the computer hack, its identification and restoration of the data. (Doc. 35-1, pages 21-22). Moreover, the invoices are further intertwined with other upgrades such as new servers, security upgrades, login enhancements, managing AWS (amazon server) workspace, etc. As such, this Court should not order restitution when the description of the work performed to repair the damage is vague and intertwined with damage that was caused by the Co-Defendant in a crime that is separate from the instant offense or for security and software upgrades that are not leaving the victim whole, rather with a windfall of having the newest technology updates (both software and hardware).

### **Actual Damages and Remediation Due to Defendant's Conduct**

Defendant, in his Plea Agreement, stipulated to pay restitution up to the sum of $200,000. He did so because of his understanding that his action may have caused damage

to the ROR website and related infrastructure. However, based on a review of the invoices presented, most of the work was not to repair any damage caused, but to update all the software and hardware to protect from future intrusions. As an example, Delirious Visions invoice number 433, (Doc. 35-1, page 22), wherein the description for services is the following: <u>website update preparation</u>, hack research, <u>extortion response</u>, <u>moderator access</u>, <u>security protocol</u>, <u>managing AWS workspaces</u>, <u>new backend server</u>, <u>new login enhancement</u>, <u>managing backend access</u>, <u>infrastructure management</u>, and <u>source code management</u>. (The underlined tasks are disputed by Defendant as remediation). The only relevant task is a nominal charge as the total invoice is for $10,000. The subsequent invoices (#435 , #437) continue in the same manner. (Doc. 35-1, pages 25-30). On July 19, 2017, Delirious Visions invoiced for "Penetration testing response with team, troubleshooting, infrastructure management, source research." (Doc. 35-1, page 48). These are just examples of the entirety of the invoices presented. Finally, ROR retained services from Out of Box Innovations. (Doc. 35-1, page 116). The only disputed billing is the review and security audits of the website and new design for the sum of $3,000.

     Based on a review of the invoices presented, it is clear that some work had to be conducted in order to identify and remedy the breach. At the same time, its abundantly clear that ROR upgraded hardware and software for its website and backend infrastructure so that future intrusions are defended and identified which should not be calculated as restitution. The invoices presented, however, do not allow this Court to determine what is

the actual restitution.  As such, defendant is unable to present this Court with a counter figure of what should be the restitution amount.

### Repayment Plan

This Court has the authority to set up a repayment plan for Restitution. Compensation may be made in a lump sum, in-kind payments, installments, or any combination of such methods of payment.  18 U.S.C. 3664(f)(3)(A); <u>United States v. Holden</u>, 908 F.3d 395, 404 (9th Cir. 2018); <u>United States v. Thunderhawk</u>, 860 F.3d 633, 637-38 (8th Cir. 2017); <u>United States v. Martinez</u>, 812 F.3d 1200, 1205-206 (10th Cir. 2015). Should this Court determine and order a set amount for restitution to ROR, Defendant moves this Court to set a up a repayment structure due to the following.  First, Defendant has been experiencing financial difficulties for some time.  (His financial stature has spiraled downwards from the time of the preparation of the PSR and, at that point in time, he was heavily indebted without enough income to pay his monthly obligations).  As such, he has put his home up for sale.  The Government seeks payment of restitution from the proceeds of such sale.  However, Defendant requires the use of such proceeds to rent another home for his family and to support them during these turbulent economic times. Second, the Government has seized a substantial sum of money from the extradited co-defendant.  Although the aforementioned funds have not been forfeited yet, at some point in the near future, it seems that such funds will be available to be used towards restitution herein.  Thus, this Court can set up a reasonable payment plan so that Defendant does pay

his fair portion of restitution and allow the Government to convert the seized funds toward the remainder.

## CONCLUSION

In light of the foregoing, Pierre Zarokian respectfully submits that this Court must exclude all invoice line items that were incurred in connection with the extortion and for the upgrade of equipment and software by ROR. Further, the Court should set up a repayment plan for Restitution.

DATED this 5th day of June, 2020.

BERKE LAW FIRM, PLLC

By  s/ Jody C. Corbett
    Jody C. Corbett

GUROVICH, BERK & ASSOCIATES, APC

By  s/ Elon Berk
    Elon Berk

Attorneys for Defendant Pierre Zarokian

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Elon Berk
gba_law@yahoo.com
*Attorney for Defendant*

Andrew C. Stone
andrew.stone@usdoj.gov
James Richard Knapp
james.knapp2@usdoj.gov
*Assistant U.S. Attorneys*

By  s/ Jody C. Corbett