MICHAEL BAILEY
United States Attorney
District of Arizona
JAMES R. KNAPP
Arizona State Bar No. 021166
Email: james.knapp2@usdoj.gov
ANDREW C. STONE
Arizona State Bar No. 026543
Email: andrew.stone@usdoj.gov
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona  85004
Telephone:  602-514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-1626-PHX-MTL |
| Plaintiff, | **GOVERNMENT'S SUPPLEMENTAL RESTITUTION MEMORANDUM** |
| vs. | |
| Pierre Zarokian, | |
| Defendant. | |

Under 18 U.S.C. § 3663A(b)(1), the Court shall order a defendant to pay restitution for property damage or loss. *See* 18 U.S.C. § 3663A(a)(1), (b)(1), (c)(1)(A)(ii). As part of his plea agreement, Defendant Pierre Zarokian agreed "to pay full restitution, regardless of the resulting loss amount but in no event more than $200,000, to all victims directly or proximately harmed" by his conduct. (ECF No. 12 (Plea Agreement) at 3.) Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e).

The victim, Ripoff Report, has requested $87,367.25 in restitution based on invoices submitted to the Court in its Victim Impact Statement:

| **Vendor** | **Damage Amount** |
|---|---|
| Delirious Visions | $66,557.55 |
| Extortion fee | $1,000.00 |
| Gingras Law Office | $1,625.00 |

|  |  |
|---|---|
| Jaburg & Wilk PC | $1,755.00 |
| Out of Box Innovations | $11,062.50 |
| Teris | $5,367.20 |
| **Total Damages** | **$87,367.25** |

(ECF No. 39-1 at 8.)

Expenses for investigating and repairing the damage of a computer intrusion are compensable under 18 U.S.C. § 3663A(b)(1). *See United States v. Gammell*, 932 F.3d 1175, 1181 (8th Cir. 2019) (affirming $955,656.77 restitution award, representing "extensive efforts to restore the affected website and applications to proper functionality"). At the June 11 restitution hearing, Justin Crossman testified that the expenses listed above for Delirious Visions, Out of Box Innovations, and Teris all represent "efforts to investigate and repair the damage from the intrusion" and not from unrelated "hardware or software improvements." (RT 6/11/2020 (Attached as Ex. 3)[1] at 6, 10-11.) There has been no evidence presented to the contrary.

Zarokian argues that the restitution costs are too high because the computer intrusion was easy to fix: "somebody basically stole a user name. That's it." (RT 6/11/2020 at 35.) The reality is more complex. As the Presentence Investigation Report details, Zarokian's Cyprus-based coconspirator, Joshua Epifaniou, first gained access by hijacking login credentials of an existing Ripoff Report employee account. (PSR ¶ 3.) At the same time, Epifaniou and Zarokian were scheming to compromise the Ripoff Report CEO's email account using other hacking methods. (PSR ¶ 4.) The extortion demand in November 2016 was accompanied by a video-recording showing the then-unknown hacker's unfettered access to the Ripoff Report network. (PSR ¶ 4.) During the first month, Epifaniou used three different user accounts to bypass Ripoff Report security, making more

---

[1] Government's Exhibit 1 from the June 11 restitution hearing was the Declaration of Justin Crossman plus attachments (ECF No. 46-1); Government's Exhibit 2 was the Victim Impact Statement plus attachments (ECF No. 39-1). Both were admitted without objection. (RT 6/11/2020 at 37.)

than 7000 changes or deletions to the network. (PSR ¶ 9.) Epifaniou and Zarokian then continued their scheme to surreptitiously delete records from the Ripoff Report database for months, interrupted only once Epifaniou was identified and arrested in Cyprus. (PSR ¶¶ 8-10.) Zarokian should not be permitted to scheme with a hacker to take control of a victim's computer system, wreak havoc on the network, then complain that the cleanup costs are too high—especially when he has already agreed as a condition of his guilty plea to pay such costs.

In addition, the restitution claim related to $3380 in legal fees and $1000 for the extortion payment are appropriate. At the June 11 hearing, Zarokian confirmed that he does not contest the requested fees for Gingras Law Office. (RT 6/11/2020 at 32.) He argues that he should not be held responsible for the Jaburg & Wilk attorney fees and the extortion payment, though, contending that the extortion aspect was "separate and apart" from the computer intrusion and that only his codefendant should be responsible for those costs. (RT 6/11/2020 at 33.) Admittedly, the $1000 extortion payment went to Epifaniou. (ECF No. 39-1 at 106-07.) But the extortion and the "reputation management" scheme both flowed from the underlying computer intrusion, which Ripoff Report hired attorneys and technical consultants to diagnose, research, and remediate. The Jaburg & Wilk invoices repeatedly reference the "hack" and the "hacker" because Zarokian and Epifaniou's unauthorized access to the Ripoff Report network required immediate attention, regardless of whether the breach was used to delete records for the "reputation management" scheme or to leverage extortion payments. Thus, even if the Court were to only hold Epifaniou responsible for the $1000 extortion payment, both are responsible for the legal fees and IT services spent to remedy the underlying computer intrusion.

//

//

Respectfully submitted this 17th day of June 2020.

> MICHAEL BAILEY
> United States Attorney
> District of Arizona
>
> *s/ James R. Knapp*
>
> JAMES R. KNAPP
> ANDREW C. STONE
> Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on 6/17/2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrant: Elon Berk, Jody Corbett

*s/ James Knapp*
U.S. Attorney's Office